UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PATRICIA RATZ,

                 Plaintiff,

    -against-

THE CITY OF NEW YORK and NYPD POLICE
OFFICER JULIE MOSCHELLA,

                 Defendants.
------------------------------------------------------------x

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF Case

SUMMONS ISSUED
CV 13-2562

BLOCK, J.

POHORELSKY, M.J.

       Plaintiff PATRICIA RATZ, by her attorneys, the Law Office of Ronald L. Kuby, hereby brings this action under 42 U.S.C. §1983 to redress her civil and legal rights, and alleges as follows:

## PRELIMINARY STATEMENT

       1.     This is a civil rights action in which the plaintiff, PATRICIA RATZ, seeks relief for the defendant's violations of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments, for the shooting death of Plaintiff's dog, "Baby Girl." Plaintiff seeks compensatory and punitive damages, injunctive relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

       2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3.  Venue in this District is also proper under 28 U.S.C. §§1343(3) and 1391(b) in that a substantial part of the events giving rise to this claim occurred in Richmond County, a county within the boundaries of the Eastern District of New York.

4.  As mandated by the Supremacy Clause, in relation to actions brought pursuant to 42 U.S.C. §1983, plaintiff is not required to comply with N.Y. Gen. Mun. L. sec. 50-h with regard to filing a Notice of Claim.

## JURY TRIAL DEMANDED

5.  Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6.  At all times relevant to this action, Plaintiff PATRICIA RATZ was a resident of Richmond County, New York.

7.  Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendant NYPD Police Officer JULIE MOSCHELLA.

8.  Defendant MOSCHELLA was at all times relevant herein duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK. At all times relevant herein, the

individual defendant was acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of her duties and functions as an officer, agent, servant, and employee of Defendant CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in her by the CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duties. She is sued individually and in her official capacity.

9. By the conduct, acts, and omissions complained of herein, Defendant MOSCHELLA violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

## STATEMENT OF FACTS

10. One of Plaintiff Patricia Ratz's two dogs, Baby Girl had always been a calm and docile pet. In fact, Baby Girl frequently played with the family's pet rabbit, Floppy. In a video posted online[1], Baby Girl is seen playing with Floppy. At one point in the video, Baby Girl lovingly nudges Floppy with her head. A photograph of Baby Girl and her rabbit friend, along with other photographs of Baby Girl are attached as Exhibits A, B and C.

11. On Saturday, April 6, 2013, Patricia Ratz and her sister, Kathleen Dixon, were walking Baby Girl, Ms. Ratz's other dog, Bo, and Ms. Dixon's dog, Missy, in Schmul Park on Staten Island. At some point, Bo and Missy – not Baby Girl – began to quarrel.

---

[1] http://www.silive.com/news/index.ssf/2013/04/staten_island_pit_bull_has_die.html

12.     While attempting to break up the fight, Ms. Ratz was accidentally bitten in the hand. Shortly thereafter, uniformed Officer Julie Moschella arrived at the scene. A few minutes later, another officer, a male in plain clothes, arrived. He has not been identified.

13.     At the time Officer Moschella arrived, the two quarreling dogs had been separated and everything was calm. Officer Moschella arrived with her gun already drawn. Without asking Ms. Ratz or Ms. Dixon any questions, she started firing gunshots at Missy. Missy then ran out of the park and made it all the way home. Baby Girl was not so lucky.

14.     A few moments after Missy started running out of the park, Baby Girl started to run as well. Officer Moschella then began firing shots at her. Ms. Ratz and Ms. Dixon, who is a retired NYPD police officer, told Officer Moschella that Baby Girl was harmless and pleaded with her to stop shooting, but Officer Moschella disregarded her protests, hitting Baby Girl once in the left rear paw and once in the back. Upon information and belief, Officer Moschella fired a total of 10 gunshots at the dogs.

15.     When the shooting ceased, Ms. Ratz and Ms. Dixon begged Officer Moschella to let them find their dogs, as they were no longer in sight. In response, Officer Moschella waved her gun in their faces and screamed at them to "shut up."

16.     Upon information and belief, NYPD police officers found Baby Girl in a nearby driveway shortly after the shooting and placed her in a cage in the back of a city truck. About one hour later, several neighborhood kids saw Baby Girl in the truck, sitting in a pool of her own blood, and notified Ms. Dixon.

17.     Upon information and belief, no efforts had been made by the officers to get Baby Girl medical attention.

18. Soon after finding out Baby Girl's location, Ms. Dixon, accompanied by Ms. Ratz's brother, Ronnie Ratz, arrived and asked the police officers if they could take her to a veterinarian. The police officers, who have not been identified and were not the same officers involved in the shooting, told Ms. Dixon and Mr. Ratz to follow them to a veterinary clinic.

19. That clinic turned out to have no veterinarians on call. Mr. Ratz then took Baby Girl to a different veterinary clinic to get treatment. It had been two hours since the shooting when Baby Girl was finally seen by a veterinarian.

20. Baby Girl held on for several days – but on Thursday, April 11, 2013, she succumbed to her injuries. She was two years old.

21. Defendant Moschella, acting under color of state law, violated Plaintiff's Fourth and Fourteenth Amendment rights against unreasonable searches and seizures by unreasonably interfering with Plaintiff Patricia Ratz's possessory interest in her pet dog, Baby Girl.

22. Baby Girl did not present an imminent danger to Officer Moschella or to the community. Baby Girl was not acting in an aggressive or threatening manner, or in a manner that could reasonably be believed to be aggressive or threatening. She was running away.

23. There is no question about whether non-lethal methods could have been used to quell the situation. There was no situation to quell.

24. The shooting and killing of Plaintiff's pet was a devastating and severe intrusion into Plaintiff's property interest in her dog, given the emotional attachment between pet and owner. From the prospective of an objectively reasonable police officer, Defendant Moschella acted unreasonably, and dangerously.

25. Any interest defendants may cite to justify the interference with Plaintiff's property rights in the ownership of her dog is surely outweighed by Plaintiff's interest in being free from such a baseless and horrific intrusion.

## CAUSES OF ACTION

### FIRST CLAIM: UNREASONABLE SEIZURE

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983

26. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

27. On April 6, 2013, Defendant NYPD Police Officer JULIE MOSCHELLA arrived at Schmul Park on Staten Island, in response to a quarrel between one of Plaintiff's dogs, Bo, and Plaintiff's sister's dog, Missy. The two quarrelling dogs were calm by the time the officers arrived. Baby Girl, Plaintiff's second dog, was also present but was not involved in the quarrel. As a result of the commotion, Missy, followed by Baby Girl, ran out of the park. Even though Plaintiff insisted that Baby Girl was harmless and pleaded with her not to shoot, Defendant MOSCHELLA shot multiple times at Baby Girl. A few days later, Baby Girl died from her injuries.

28. The NYPD Patrol Guide states that police officers "shall not discharge their firearms at a dog or other animal except to protect themselves or another person from physical injury and there is no other reasonable means to eliminate the threat."

29. Defendant JULIE MOSCHELLA, acting under color of state law, violated Plaintiff's Fourth Amendment right against unreasonable search and seizure, in direct contravention of the NYPD Patrol Guidelines, in that she unreasonably interfered with Plaintiff's possessory interest in her dog, Baby Girl. At the time she was shot, Baby Girl posed no danger to

Defendant MOSCHELLA or to any member of the community. She was not exhibiting aggressive or threatening behaviors; she was running away. From the perspective of an objective reasonable police officer, and considering the totality of the circumstances, Defendant MOSCHELLA acted unreasonably. It is not reasonable to shoot at a dog that has caused no harm to anyone, poses no risk to anyone, and is running away.

## SECOND CLAIM: MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS

### *MONELL* CLAIM AGAINST THE CITY OF NEW YORK UNDER 42 U.S.C. §1983

30. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

31. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the defendant police officer. The conduct of the defendant officer was a direct consequence of policies and practices of Defendant CITY OF NEW YORK.

32. The CITY OF NEW YORK caused Plaintiff to be subjected to Fourth and Fourteenth Amendment violations because Defendant MOSCHELLA's actions were part of the customary practices of the NYPD. While the NYPD Patrol Guide delineates the appropriate standard for discharging a firearm at an animal, the NYPD has failed to train its officers to comply with this standard.

33. The custom and practice of repeated Fourth and Fourteenth Amendment violations establishes a deliberate indifference on the part of the NYPD to a clear need for officer training related to the treatment of dogs, and animals in general.

34. The failure of the NYPD to adequately train its police force resulted in the wrongful actions of Defendant MOSCHELLA, actions that led to the untimely and unnecessary death of a beloved household pet, in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

### THIRD CLAIM: PUNITIVE DAMAGES
### AGAINST DEFENDANT OFFICER JULIE MOSCHELLA, In Her Official and Individual Capacity

35. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

36. Defendant OFFICER JULIE MOSCHELLA, In Her Official and Individual Capacity, was indifferent to Plaintiff Ratz's constitutional rights in that MOSCHELLA wantonly and maliciously shot Plaintiff's dog, Baby Girl, as she was running away.

37. Defendant MOSCHELLA shot Plaintiff's dog despite Plaintiff's pleas not to shoot the dog, and waved her gun in Plaintiff's face, telling her to "shut up" when Plaintiff asked if she could leave to look for Baby Girl.

38. Punitive damages are warranted against Defendant MOSCHELLA for her wanton and malicious conduct toward Plaintiff.

**WHEREFORE**, Plaintiff demands the following relief against Defendants MOSCHELLA and THE CITY OF NEW YORK:

    a. Compensatory damages in favor of Plaintiff in an amount to be determined by a jury;

    b. Punitive damages in favor of Plaintiff in an amount to be determined by a jury;

  c. An order requiring the NYPD to establish a training program to teach compliance with the Fourth and Fourteenth Amendments in relation to the treatment of dogs, and animals in general;

  d. The convening and empanelling of a jury to consider the merits of the claims herein;

  e. Costs and interest and attorney's fees;

  f. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
    April 29, 2013

*[signature]*
LEAH M. BUSBY [LB-5589]
RONALD L. KUBY [RK-1879]
Law Office of Ronald L. Kuby
119 West 23rd Street, Suite 900
New York, New York 10011
Email: lbusby@kubylaw.com
(212) 529-0223 (t)
(212) 529-0644 (f)

Attorneys for Plaintiff



Baby Girl with her rabbit friend, Floppy.



From left: Missy, Baby Girl, and Bo.





Baby Girl



Baby Girl, on April 7, 2013, one day after the shooting.